**SO ORDERED.**

**SIGNED this 24 day of August, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **BOLTON PROPERTIES INCORPORATED** | **06-00936-5-ATS** |
| **DEBTOR** | |
| **HARRISON AVENUE PARTNERSHIP, LLC** | **06-00913-5-ATS** |
| **DEBTOR** | |

**ORDER REGARDING OBJECTIONS TO CLAIMS**

The matters before the court in these administratively consolidated cases are the chapter 11 debtors' objection to the claims filed by William E. Bolton, III in both cases, denominated Claim No. 4 in each. A hearing took place in Raleigh, North Carolina on August 14, 2007.

Harrison Avenue Partnership, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on June 21, 2006, and Bolton Properties Incorporated filed a petition for relief under chapter 11 on June 26, 2006. The debtors' amended plans of reorganization were confirmed on April 17, 2007.

In the Harrison Avenue Partnership case, William E. Bolton, III asserts that he is the holder of a note and deed of trust dated November 28, 1998, for which he filed a claim, Claim No. 4, in the amount

of $227,673.26. The debtor paid Mr. Bolton in full the outstanding principal and accrued interest at the non-default rate on May 31, 2007, in the amount of $241,659.64, and the debtor objects to Mr. Bolton's claim to the extent it includes interest calculated at a default rate and attorney's fees and costs.

In the Bolton Properties case, Mr. Bolton asserts that he is the holder of a note and deed of trust dated April 1, 2003 (as subsequently amended), for which he filed a claim, Claim No. 4, in the amount of $285,324.28. The debtor paid Mr. Bolton in full the outstanding principal and accrued interest at the non-default rate on May 31, 2007, in the amount of $280,968.94, and the debtor objects to Mr. Bolton's claim to the extent it includes interest calculated at a default rate and attorney's fees and costs.

Mr. Bolton has been an active participant in these chapter 11 cases, and the parties negotiated the resolution of certain issues in a consent order entered on January 19, 2007, in the Harrison Avenue Partnership case. Pursuant to that consent order, Mr. Bolton agreed to accept the amended plans of reorganization filed in both cases, subject only to a condition precedent related to the sale of the real property subject to Mr. Bolton's deeds of trust.[1]

Mr. Bolton's claims were addressed in Class 6 of the Harrison Avenue Partnership confirmed plan and in Class 5 of the Bolton Properties confirmed plan. Both provided that the respective loan "shall be decelerated, as necessary, and treated as a current, non-default loan, with application of the contract, non-default, rate of interest through the Effective Date," that the outstanding balance would be "calculated on a non-default basis, as of the Effective Date," and that the balance "shall accrue interest unpaid at its original

---

[1] That condition has been met.

non-default contract rate until the closing of the sale of Debtor's real estate[.]" Pursuant to the consent order dated January 19, 2007, Mr. Bolton was deemed to have accepted the plan treatments of his claims.

The Bolton Properties note matured prior to the petition date. As a result, Mr. Bolton contends that he is entitled to default interest on the note, contending that the default could not be cured through the plan because the default was the passage of time.[2] The debtor disagrees, contending that § 1123(b) allows a debtor to impair a claim and to settle or adjust a claim, and that is what occurred through the consent order entered on January 19, 2007. The language of the confirmed plan is clear, and the note is to be paid at the non-default rate. Mr. Bolton agreed to this treatment, and he is bound by the terms of the plan.

The question of attorney's fees is not as clear. The confirmed plans do not address attorney's fees. As a result, the court looks to § 506(b), which provides that where the creditor is oversecured, it is entitled to reasonable attorney's fees and costs to the extent allowable under the terms of the agreement or state statute. The parties agree that Mr. Bolton is an oversecured creditor. Both notes provide for attorney's fees and costs to enforce the terms of the notes in the event of default. The notes do not suggest that a cure of the default will eliminate the obligation to pay attorney's fees.

The court agrees with Mr. Bolton that once a default occurs, the attorney's fees provision is triggered, whether or not the default is later cured. Mr. Bolton may be entitled to attorney's fees, assuming that he is the proper holder of the notes and that there was a default in the notes. See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 127 S. Ct. 1199 (2007). Mr. Bolton may submit

---

[2] The parties agree that the default interest rate question is not in dispute in the Harrison Avenue case; that note did not mature prepetition, and apparently any default that did occur is of the type that can be cured through the plan.

a fee application within 21 days of the date of this order, after which the court will determine what fees are allowable. In addition, the court requires evidence that Mr. Bolton is the holder of the notes. The documents attached to the claims suggest that Mr. Bolton is only a partial holder, a co-payee or co-assignee. It is also not apparent from the claim filed in Harrison Avenue that the note was in default, and evidence of default must also be provided.

Based on the foregoing, the objection to Claim No. 4 in the Bolton Properties case is **ALLOWED** to the extent it seeks interest at the default rate. The objections to Claim No. 4 in the Bolton Properties case and to Claim No. 4 in the Harrison Avenue Partnership case with respect to attorney's fees and costs will be considered further upon receipt of the fee application and evidence related to the holder of the notes and the default on the Harrison Avenue note.

**SO ORDERED**.

**END OF DOCUMENT**